UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-46 |
| ) | |
| TRISTIN RALPH ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now, the United States of America by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Stacey R. Speith, Assistant United States Attorney, and files its Sentencing Memorandum. The Government agrees with the PSIR that Mr. Ralph's Total Offense Level is 21 [PSIR ¶66] and his Criminal History Category is I [PSIR ¶70]. Based on Mr. Ralph's offense level and criminal history category the guideline range of imprisonment is 37 to 46 months [PSIR ¶92]. In the plea agreement, the government agreed to recommend a sentence equal to the minimum of the applicable guideline range, which is thirty-seven (37) months.

Pursuant to 18 U.S.C. § 3553(a) the court shall impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner. In determining the particular sentence to impose, the court should consider the nature and circumstances of the offenses and the history and character of the defendant, the applicable guideline range as determined under U.S. Sentencing Guidelines and pertinent policy statements, the need to avoid unwanted sentence disparities among similarly situated defendants, and the need to provide restitution to any victims of the offense.

## 18 U.S.C. § 3553(a) Considerations

<u>The Nature and Circumstances of the Offense</u>

The facts and circumstances of Ralph offense conduct is extraordinarily aggravating. The Bureau of Alcohol, Tobacco, Firearms, and Explosives began investigating Ralph for potential straw purchases and/or firearms trafficking in November 2022. The investigation revealed that Ralph had purchased 37 firearms from multiple licensed firearms dealers from September 16, 2022, through November 11, 2022. On December 7, 2022, ATF agents went to Ralph's address in Michigan to speak with him about their investigation. Ralph provided false information material to their investigation during that interview. Specifically, he informed the agents that the purchased firearms were at his residence in Greensburg, Indiana and offered to meet with agent so that they could verify the firearms and

their serial numbers. Ralph did not contact the agents as he said he would.

Agents travelled to the address Ralph listed on the 4473 forms he completed during the purchase of the firearms, which was the Greensburg address, and met with his grandmother. This residence is approximately 2 ½ hours from the agents' home office in Fort Wayne, Indiana. Upon arrival, agents met with Ralph's grandmother and determined that Ralph provided false information to the agents about both his address and the location of the firearms.

Agents continued their investigation. In the meantime, Ralph moved from his address in Mount Morris, MI to Fenton, MI. On April 19, 2023, agents went to Ralph's new residence and conducted a second interview. Ralph again provided false information to the agents about the circumstances of his firearms purchases and the location of the firearms, telling officers they were stolen from the Greensburg residence. Ralph stated that the firearms had been stored in a safe in the barn at the residence until they were stolen. He stated that his grandmother wasn't home when he dropped off the firearms and he didn't speak with her to tell her he was putting them there. He denied that anyone paid him to purchase the firearms and stated he purchased them for his own use.

On July 10, 2023, agents returned to the Greensburg address and once again met with Ralph's grandmother. They also spoke to his uncle who was present. The uncle took them to the barn to look at these safes where Ralph indicated he stored the firearms and from which they were stolen. Agents didn't find any safes in the barn and no evidence that a safe had been there. They were again advised that Ralph was not storing items at the Greensburg residence nor had he lived there for quite some time.

Ralph appeared at the ATF office on July 17, 2023. At the beginning of the interview, Ralph continued to lie to agents. Later in the interview he admitted to lying and advised that a man that he met at a music festival paid him to the buy firearms. By the time Ralph was honest about the straw purchases, he no longer had the man's contact information or a way to get a hold of him. Neither did he have any text messages or other communications with this man for agents to follow up with or use to develop a case for prosecution against this induvial.

Between the first interview with Ralph and the last, agents began receiving information that several of the firearms purchased by Ralph were being recovered in crimes in Canada. Firearms were recovered on January 1, 2023, January 12, 2023, February 21, 2023, March 1, 2023, April 9, 2023, April 21, 2023, and May 14, 2023. Investigators noted that during their first

4

interview with Ralph, that they had observed a vehicle at his residence that had a Canadian license plate.

Ralph's willful and material false statements to agents during the investigation substantially impeded and obstructed their investigation and prosecution of the straw purchase of 37 firearms. Had Ralph been honest in his initial interview, it is likely that he would have still had the contact information for the man who paid him to purchase the firearms and ATF would have been able to attempt to locate that individual, interview him and potentially locate some or all of the firearms. However, by the time Ralph decided to tell the truth, he no longer had any way to contact the person for whom he purchased the firearms.

In addition, Ralph's untruthful statements to ATF agents caused them to travel twice to Greensburg, Indiana to investigate his statements as to the location of the firearms and his residency and then also travel back to Michigan from their home office in Fort Wayne, Indiana, after their first trip to Greensburg when they discovered that Ralph lied about the location of the firearms. Ralphs' continued dishonesty not only wasted valuable time and resources, but hampered the ability to investigate and prosecute a dangerous firearms trafficker.

Mitigating Factors

Ralph did timely enter a plea of guilty and accepted responsibility for his criminal conduct. He has zero criminal history points. These are certainly mitigating factors for the Court's consideration. However, the severity of his criminal conduct and the serious repercussions of his crime cannot be ignored. His actions have resulted in the unlawful trafficking of 37 firearms, several of which have already been used to commit crimes and many more of which are still unaccounted for.

Promote respect for the law, afford adequate deterrence and protect the public from further crimes by the defendant

The government believes that a sentence of 37 months, which is the minimum of the applicable guideline range, is necessary to promote Ralph's respect for the law, afford adequate deterrence to him and protect the public from any further crimes by the defendant. It is also a sentence that is necessary to promote general deterrence to others who ignore the need to regulate and monitor the purchase of firearms from licensed firearms dealers, by lying during their purchase and purchasing firearms for others. Gun violence is a serious problem in the United States and our community. It is imperative that firearms are not purchased by dangerous, prohibited

individuals who then use them to commit crimes. When considering all the factors in this case, a sentence equal to the minimum of the applicable guidelines range is sufficient but not greater than necessary to comply with the purposes described in 18 U.S.C. § 3553(a).

## CONCLUSION

Wherefore, the Government asks the Court to accept the plea agreement, and sentence Mr. Ralph to thirty-seven (37) months imprisonment, followed by two (2) years of supervised release.

Respectfully submitted,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By: */s/Stacey R. Speith*
Stacey R. Speith
Assistant United States Attorney
E. Ross Adair Federal Bldg.
& U.S. Courthouse
1300 S. Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile:   (260) 426-1616
E-mail Address: Stacey.speith@usdoj.gov